<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4983**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARREN KEITH PATTERSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-02-178)

---

Submitted:  September 30, 2005        Decided:  March 28, 2006

---

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph Zeszotarski, Jr., POYNER & SPRUILL, LLP, Raleigh, North Carolina, for Appellant.  C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darren Keith Patterson pled guilty without the benefit of a plea agreement to three counts of car-jacking and aiding and abetting car-jacking, in violation of 18 U.S.C. §§ 2119, 2 (2000). Patterson was sentenced to 115 months' imprisonment. The district court also specified, pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir.) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005), an alternative sentence if the guidelines were deemed not mandatory. The district court stated the alternative sentence in that event would be 125 months' imprisonment. In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Patterson claims that the sentence imposed pursuant to the guidelines violates the holding in United States v. Booker, 125 S. Ct. 738 (2005). Patterson has requested that this court assign new counsel.

In Booker, the Supreme Court held that the federal sentencing guidelines scheme, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of its mandatory nature. 125 S. Ct. at 746 (Stevens, J., opinion of the Court). However, we find that because the alternative sentence the district court pronounced (in the event

- 2 -

the federal sentencing guidelines were invalidated) was greater than the mandatory sentence imposed under the federal sentencing guidelines as they existed at the time, any error resulting from the sentence imposed by the district court was harmless as to Patterson, and the Government has waived any challenge by declining to file a brief.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Patterson's conviction and sentence. Furthermore, we deny Patterson's request for the appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -